# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EUGENE TURNER WRIGHT,**            **PETITIONER**

**V.**            **NO. 4:07CV022-P-B**

**CHRISTOPHER EPPS, ET AL,**            **RESPONDENTS**

## OPINION

This cause comes before the court on the petition of Eugene Turner Wright for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He further states that on October 18, 1982 he was sentenced to two three-year terms to run concurrently. On February 7, 2005, Petitioner filed a motion for post-conviction relief in the trial court which was dismissed as untimely. The Mississippi Court of Appeals upheld the dismissal on May 9, 2006. The court further noted that the Petitioner had already served the sentence he was attacking and may not do so collaterally. *Citing Gates v. State*, 904 So.2c 216, 218 (Miss. Ct. App. 2005).

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For those prisoners whose convictions became final before the April 24, 1996, as is the case here, effective date of the AEDPA, the statute of limitations for the filing of a §2254 claim in this court begins to run one year from that date or April 24, 1997. *Muhleisen v. Ieyoub,* 168 F.3d 840 (5th Cir. 1999). Therefore, Petitioner's motion should have been filed by April 24, 1997. It was not filed, however, in this court until January 26, 2007, nearly ten years too late.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner has not alleged the type of "rare and exceptional" circumstances that would permit the court to consider his petition.

The AEDPA became effective on April 24, 1996, and Petitioner had one year in which to file his petition for habeas corpus review in federal court. The current matter was filed almost ten years after the allowable time had expired. The doctrine of equitable tolling will not be used to breath new life into the petition. Consequently, it must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 27th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE